**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MD YEASIN ARAFAT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. CIV-26-1926-R** |
| **WARDEN, DIAMONDBACK CORRECTIONAL FACILITY, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner MD Yeasin Arafat, a noncitizen proceeding pro se,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge David L. Russell referred the case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and (C). Doc. 4. The Government responded and Petitioner has replied, Docs. 8, 9, and the matter is at issue.

---

1 This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2 Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

For the reasons below, the undersigned recommends the Court deny Petitioner's habeas petition, Doc. 1.

## I. Factual background and Petitioner's claims.

Petitioner is a citizen of Bangladesh who entered the United States without admission or inspection on December 31, 2024. Doc. 8, at 2. He has remained in the custody of Immigration and Customs Enforcement since that time. *Id.* On September 8, 2025, an Immigration Judge (IJ) ordered his removal and Petitioner's appeal of that order is pending. *Id.* & Exs. 3-4.

On March 3, 2026, Petitioner appeared with counsel at a custody redetermination hearing. Doc. 11, Ex. 1. The IJ denied bond, finding he lacked jurisdiction to conduct a hearing. *Id.* Ex. 1, at 7-8. The IJ also concluded that given the extant removal order (under appeal), that Petitioner posed a "high flight risk" and that "no bond would be appropriate." *Id.* at 8; Doc. 2, Ex. 3, at 1.

Petitioner challenges his prolonged detention and the conditions of his confinement. Doc. 1, at 6. He seeks release or another bond hearing. *Id.* at 7.

## II. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S.

475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III. The Court cannot encroach upon an IJ's discretionary weighing of the evidence.

In determining whether a noncitizen is a flight risk, the IJ may consider the following factors:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006).

When a noncitizen like Petitioner is detained under § 1226(a), "the Attorney General may exercise his discretion to either detain or release an alien on bond or conditional parole." *Mwangi v. Terry*, 465 F. App'x 784, 786

(10th Cir. 2012). "But the Attorney General's exercise of discretion is not subject to judicial review." *Id.* "In the context of an immigration bond hearing, district courts have jurisdiction to review [an IJ's] discretionary bond denial only 'where that bond denial is challenged as legally erroneous or unconstitutional.'" *Diaz-Calderon v. Barr*, 535 F. Supp. 3d 669, 676 (E.D. Mich. 2020) (quoting *Lopez Reyes v. Bonnar,* 362 F. Supp. 3d 762 (N.D. Cal. 2019)). "To be sure, '[d]ue process is not satisfied by rubberstamp denials [of bond].'" *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026) (quoting *Chi Thon Ngo v. I.N.S.,* 192 F.3d 390, 398 (3d Cir. 1999)). But "a district court sitting in habeas . . . review[ing] due process challenges to immigration bond hearings must proceed carefully, as it 'has no authority to encroach upon an IJ's discretionary weighing of the evidence.'" *Diaz-Calderon,* 535 F. Supp. 3d at 676 (quoting *Arrellano v. Sessions,* No. 18-cv-6625, 2019 WL 3387210, at *7 (W.D.N.Y. 2019)).

Respondents provided Petitioner with a custody redetermination hearing. Though the IJ did not consider the above factors, he expressed concern given Petitioner's removal order and concluded Petitioner posed an extreme flight risk. Doc. 11, Ex. 1, at 8; Doc. 2, Ex. 3, at 1. Although this finding may appear rote and minimal, the undersigned concludes the hearing comported with due process. *See, e.g.*, *In re Guerra*, 24 I. & N. Dec. at 40 ("An Immigration

Judge has broad discretion in deciding the factors that he or she may consider in custody redeterminations. The Immigration Judge may choose to give greater weight to one factor over others, as long as the decision is reasonable."). Given the IJ's finding that Petitioner was a flight risk, the undersigned recommends the Court deny Petitioner habeas relief as Respondents have not deprived him of an individualized custody determination.

As to Petitioner's challenges to the conditions of his confinement, those must be brought through a civil rights action. *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012).

**IV. Recommendation and notice of right to object.**

For the reasons set forth above, the undersigned recommends the Court deny Petitioner's habeas petition, Doc. 1, because he was not deprived of an individualized custody determination.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by October 27, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation

disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 6th day of October, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE