**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MD YEASIN ARAFAT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1926-R** |
| | ) | |
| **WARDEN, et al.,** | ) | |
| | ) | |
| **Respondents.** | | |

**ORDER**

Petitioner, a noncitizen, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement. Before the Court is the Report and Recommendation of United States Magistrate Judge Suzanne Mitchell [Doc. No. 17] recommending that the Petition be denied because Petitioner previously received a custody redetermination hearing. Petitioner filed a timely Objection [Doc. No. 13], which obligates the Court to undertake a de novo review of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3).

Petitioner raises several objections to the Report, but none are persuasive. First, he argues that the Report erred in concluding that the custody redetermination hearing complied with due process. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quotation omitted). Petitioner was represented by counsel at the bond hearing and had the opportunity to present argument. The Immigration

Judge explained the basis of his decision to deny bond, which can be appealed to the BIA. The Court therefore agrees that the hearing was sufficient to comport with due process.

Second, Petitioner argues that the Report erred in disregarding Petitioner's evidence showing that he is not a flight risk. However, as the Report noted, federal courts lack jurisdiction to review an Immigration Judge's discretionary decision to deny bond. *See* 8 U.S.C. § 1226(e); *Mwangi v. Terry*, 465 F. App'x 784, 786-87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction."). This Court may not re-weigh the evidence or second guess the Immigration Judge's decision.

Third, Petitioner argues that his prolonged confinement requires the Government to bear the burden of proof at a bond hearing. Although courts are admittedly not in agreement on this issue, this Court has previously concluded that that Due Process Clause of the Fifth Amendment is not offended by placing the burden of proof on the noncitizen at a bond hearing. *See Ochilov v. Grant*, No. CIV-26-526-R (W.D. Okla. August 25, 2026). Petitioner presents no persuasive argument or authority that would cause this Court to revisit that conclusion.

Last, Petitioner argues that the punitive conditions of confinement impact the constitutional validity of his detention. The Court agrees with the Report that this claim is more properly asserted via a civil rights action under 42 U.S.C. § 1983.

Accordingly, after conducting de novo review, the Report and Recommendation [Doc. NO. 12] is ADOPTED. The Petition for Writ of Habeas Corpus is DENIED.

IT IS SO ORDERED this 9th day of November, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE